Filed 7/31/25  P. v. Damien R. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAMIEN R.,<br><br>    Defendant and Appellant. | D084849<br><br><br>(Super. Ct. No. JCM244909) |


APPEAL from a judgment of the Superior Court of San Diego County, Richard R. Monroy and Tilisha T. Martin, Judges.  Affirmed and remanded with instructions.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Michael J. Patty, Deputy Attorneys General, for Plaintiff and Respondent.

The juvenile court adjudged Damien R. a ward of the court after finding true beyond a reasonable doubt various firearm-related allegations.  On appeal, Damien argues (1) the juvenile court erred in denying his motion to

suppress evidence obtained in a traffic stop investigation and (2) the court failed to expressly declare whether two of his offenses should be deemed felonies or misdemeanors. As to the former, we conclude the totality of the circumstances demonstrate the law enforcement officers had reasonable suspicion Damien was armed and dangerous, and as to the latter, we accept the People's concession of error. Thus, we affirm and remand with instructions.

## I.

In March 2023, Damien was in the back seat of a car stopped for a traffic infraction and expired registration. The stop occurred in an area known to be violent and in proximity to two gang neighborhoods. After learning neither the driver nor the three other occupants had a valid driver's license, the two officers at the scene allowed the group to call someone with a valid driver's license to come collect the car.

While waiting for the car to be picked up, the officers identified all four occupants and performed a records check, which revealed some had gang-affiliated field interviews but otherwise no criminal records. The officers could not clearly see all the occupants because the car had tinted windows and even though some windows were rolled down, the window on Damien's side was not. Although the occupants were respectful and complied with the officers' orders, one officer observed the back seat occupants were "doing a little bit of reaching around."

The officers asked everyone to exit the car. As Damien was getting out of the car, one of the officer's asked if he had "something on [him] that [he] shouldn't" have, to which Damien said yes. The officers then conducted a patdown search, lifting Damien's shirt and discovering a loaded 9 millimeter handgun in his waistband.

2

The San Diego County District Attorney filed a juvenile wardship petition under California Welfare and Institutions Code section 602 alleging Damien committed five crimes, all related to possessing the gun and ammunition found on him during the patdown. Damien filed a motion to suppress the evidence obtained during and after the search, including his admissions, officers' observations, and the gun itself.

At the suppression hearing, one officer noted Damien "kept reaching toward [his] waistband" and was "looking in multiple different directions." The court denied the motion to suppress, finding the officers had reasonable suspicion and Damien had consented to the search by affirming he had something on him.

After holding an adjudication, the juvenile court sustained the petition on all five counts, three of which were found to be barred by Penal Code section 654. The remaining two charges found true were possession of a concealed firearm on the person (Pen. Code, § 25400(a)(2), (c)(6); count 1) and misdemeanor possession of ammunition by a minor (§ 29650; count 5).

The court adjudged Damien a ward of the state and imposed probation.

## II.

## A.

Damien argues the juvenile court erred in denying his motion to suppress because the evidence was obtained illegally. Damien concedes the initial traffic stop was legal, but he claims the officer's patdown search was not justified. The People, on the other hand, argue the patdown search was justified because the police had a reasonable suspicion Damien was armed and dangerous. We agree with the People.

A minor being adjudged in juvenile court may move to suppress evidence obtained from an unlawful search and seizure. (Welf. & Inst. Code,

3

§ 700.1.) A patdown search is lawful when the officer reasonably suspects the person stopped is armed and dangerous. (*Terry v. Ohio* (1968) 392 U.S. 1, 24.) The suspicion must be supported by "specific and articulable facts" known to the officer when the search is conducted. (*Id.* at p. 21.) The officer "need not be absolutely certain that the [person] is armed." (*Id.* at p. 27.) In our analysis, we evaluate "whether a reasonably prudent [person] in the circumstances would be warranted in the belief that his [or her] safety or that of others was in danger." (*Ibid.*)

On appeal, we accept the juvenile court's express or implied factual findings if they are supported by substantial evidence. (*People v. Glaser* (1995) 11 Cal.4th 354, 362.) Based on those facts, we exercise our independent judgment to determine if the search was reasonable under the Fourth Amendment. (*Ibid.*)

Damien argues the officers had no specific and articulable facts to reasonably suspect he was armed and dangerous. We disagree. At the suppression hearing, the juvenile court pointed to specific, articulable facts when, viewed in their totality, justified the patdown search: (1) the location was in a high crime area in general proximity to known gang activity; (2) the officers were outnumbered two to four; (3) Damien was wearing baggy clothing; (4) Damien and others in the car had previous gang-related field interviews; (5) the occupants were making furtive and strange movements in the back of the car; (6) the car's tinted windows made it hard to see the occupant's movements inside the car; (7) nobody had a driver's license; and (8) Damien admitted to having something on him he should not have. These facts are sufficiently supported by officer testimony.

Based on these facts, we determine the patdown search was reasonable under the Fourth Amendment. While we agree with Damien many of these

4

facts in isolation are not enough to support a reasonable suspicion, we must consider the totality of the circumstances; courts have disapproved Damien's "divide-and-conquer analysis." (*United States v. Arvizu* (2002) 534 U.S. 266, 274.) And "when such factors are all stacked together . . . the analysis changes." (*People v. Esparza* (2023) 95 Cal.App.5th 1084, 1093.) Here, the combination of facts, including the officer's observations of the back seat occupants "reaching around" and the officer's testimony Damien, one of the back seat occupants, was "reaching towards [his] waistband," are enough to establish a reasonable suspicion.

Damien argues certain facts weigh against finding there was reasonable suspicion. He points out he and the others were respectful and nothing about their demeanor was suspicious. But we have previously concluded a defendant's nonthreatening posture "'does not in any measure diminish the potential for sudden armed violence that his presence within the [car] suggested.'" (*Esparza*, 95 Cal.App.5th at p. 1093.) Damien also contends the occupants all had clean criminal records. He, however, fails to provide any authority that concludes a lack of a criminal record dispels a reasonable suspicion based on other facts.

Even with sufficient facts to justify the patdown search, Damien argues because one officer testified he was "surprised" someone had a gun, the officer could not have believed Damien was armed and dangerous. Yet that same officer also testified he did believe Damien "most likely had a weapon on him." Even more detrimental to Damien's argument, our analysis does not require officers to be "absolutely certain" a person is armed; rather, the relevant inquiry is whether a reasonable person would be warranted in believing his or her safety or that of others was in danger. (*Terry*, 392 U.S. at

5

p. 27.)  On this record, a reasonable person would be warranted in such a belief.

In sum, the patdown search was justified based on the totality of the circumstances, so the juvenile court did not err in denying the motion to suppress.  Because we conclude the juvenile court's ruling was correct based on a reasonable suspicion Damien was armed and dangerous, we need not reach the issue of whether Damien consented to the search.  (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 364-365.)

B.

Damien also argues, and the People concede, the juvenile court failed to expressly declare whether his offenses should be deemed felonies or misdemeanors, an error requiring remand.  We agree.

Crimes punishable as either misdemeanors or as felonies, at the discretion of the sentencing court, are known as wobblers.  (*In re F.M.* (2023) 14 Cal.5th 701, 704.)  Under section 702, "'if the minor is found to have committed [a wobbler], . . . the court shall declare the offense to be a misdemeanor or felony.'"  (*Id.* at pp. 707-708.)  Absent a court's express declaration or other evidence the juvenile court "'was aware of, and exercised[,] its discretion to determine the felony or misdemeanor nature of a wobbler,'" the matter must be remanded.  (*Id.* at p. 712.)

Here, two of the five offenses the juvenile court sustained are wobblers (Pen. Code, § 25400(a)(2), (c)(6), count 1; § 29610, count 2).  Although the juvenile court imposed both offenses as felonies, the record lacks evidence indicating the juvenile court was aware of and exercised its discretion to impose them as either misdemeanors or felonies.  In such instances, "reviewing courts have consistently held that remand is appropriate."  (*F.M.*, 14 Cal.5th at p. 716.)

6

## III.

We remand and direct the juvenile court to expressly declare on the record whether Damien's substantiated counts for possession of a concealed firearm (Pen. Code, § 25400(a)(2), (c)(6); count 1) and possession of a firearm by a minor (Pen. Code, § 29610; count 2) are misdemeanors or felonies consistent with this opinion. In all other respects, we affirm.

CASTILLO, J.

WE CONCUR:


BUCHANAN, Acting P. J.


KELETY, J.

7